UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No:  **8:21-cv-116**

**PHILLIP BURTON**

      Plaintiff

vs.

**UNITED STATES OF AMERICA**

      Defendant
_____/

## COMPLAINT

Plaintiff, PHILLIP BURTON, sues Defendant, UNITED STATES OF AMERICA, and for grounds therefore would state as follows:

1. The above-captioned lawsuit is one for personal injuries as a result of medical negligence pursuant to the Federal Tort Claims Act, Title 28, USC §§1346(b) and 2675(a).

2. At all times relevant and material to this Complaint, plaintiff, PHILLIP BURTON, received medical care and treatment through Manatee County Rural Health Services, Inc. as that entity was then known.

3. Manatee County Rural Health Services, Inc. was at all times relevant and material to this Complaint a federally supported health center pursuant to the Federally Supported Health Center Assistance Act of 1992, 42 U.S.C. §233.

4. Sunghwan Byun, D.P.M. was an employee of Manatee County Rural Health Services, Inc. at all times relevant and material to the Complaint.

5. Pursuant to 42 U.S.C. §233 the staff of Manatee County Rural Health Services, Inc., specifically Sunghwan Byun, D.P.M., are deemed to be federal employees of the Public Health Service during the time period in which this action arose, and therefore the UNITED STATES OF AMERICA is the proper party defendant.

6. At all times relevant and material to this Complaint Sunghwan Byun, D.P.M. was and is a doctor of podiatric medicine licensed under the laws of the State of Florida and did so practice his profession of podiatry in Manatee County, Florida.

7. The plaintiff has complied with all conditions precedent to the bringing of this lawsuit including but not limited to verified delivery of Standard Form 95 to the United States Department of Health & Human Services on June 18, 2020.

8. The plaintiff, PHILLIP BURTON, had undergone a right total ankle arthroplasty with total ankle replacement performed by Sunghwan Byun, D.P.M. Thereafter there was swelling, redness, blue discoloration and wound dehiscence at the surgical site, with erythema and draining. PHILLIP BURTON was admitted to Manatee Memorial Hospital, and on June 25, 2018, at bedside,

Sunghwan Byun, D.P.M., performed a right ankle incision drainage and excisional debridement of tissue. From this incision developed deep infection and osteomyelitis, resulting in exposed bone and hardware. The infection has caused the destruction of the ankle joint.

9.  At all times relevant to this Complaint Sunghwan Byun, D.P.M. undertook the care and treatment of PHILLIP BURTON such that a health care provider/patient relationship existed. In undertaking such care and treatment of PHILLIP BURTON, Sunghwan Byun, D.P.M. owed a duty to provide that level of skill, care, diagnosis and treatment which in light of all relevant circumstances are recognized as acceptable and appropriate by reasonably prudent similar health care providers.

10. Sungwham Byun, D.P.M. breached his duty of care and was careless and negligent in that his acts and omissions fell below that level of skill, care, diagnosis and treatment, which in light of all relevant circumstances is and was recognized as acceptable and appropriate by reasonably prudent similar health care providers. The acts and omissions constituting negligence included but were not limited to the following:

a)  Negligently failed to thoroughly evaluate for the possibility of underlying peri-prosthetic infection;

b)  Negligently failed to utilize diagnostic modalities specifically including but not limited to hematologic investigation, radionucleotide scanning, blood culture and joint aspiration;

    c)    Negligently performed a bedside debridement procedure for a patient with an open infected post-operative wound and exposed internal fixation hardware in close proximity to an ankle joint prosthesis;

    d)    Negligently failed to perform a procedure in a sterile environment;

    e)    Negligently failed to properly examine the wound in a sterile environment;

    f)    Negligently failed to ascertain whether or not there was communication of the wound with the ankle joint in a sterile environment;

    g)    Negligently failed to obtain wound cultures in a sterile environment;

    h)    Negligently failed to aspirate the ankle joint in a sterile environment;

    i)    Negligently failed to remove the hardware in a sterile environment;

    j)    Negligently failed to perform an appropriate bone biopsy in a sterile environment;

    k)    Negligently failed to thoroughly evaluate to evaluate the complaints of PHILLIP BURTON;

    l)    Negligently failed to timely recognize the significance of PHILLIP BURTON'S ongoing signs and symptoms;

    m)    Negligently failed to timely diagnose the medical condition of PHILLIP BURTON;

    n)    Negligently failed to timely perform an acceptable and appropriate physical examination;

    o)    Negligently failed to timely perform acceptable and appropriate diagnostic tests;

    p)    Negligently failed to request consultations with appropriate medical specialists, specifically including but not limited to infectious disease specialists, who would have prescribed, ordered and performed the indicated tests and procedures;

q) Negligently failed to timely and properly interpret various diagnostic tests;

r) Negligently failed to timely and properly diagnose the true nature of PHILLIP BURTON'S condition;

s) Negligently failed to timely and appropriately perform a differential diagnosis;

t) Negligently failed to timely institute acceptable and appropriate medical intervention or surgical treatment in light of the circumstances;

u) Negligently failed to obtain acceptable and appropriate consultations in regard to medical intervention or surgical treatment;

v) Negligently failed to provide informed consent to the patient regarding his medical condition by failing to provide information sufficient to give the patient a general understanding of his condition and the proposed treatments or procedures, of any medically acceptable alternative treatment or procedures, and of the substantial risks or hazards inherent in his condition and in the proposed treatments and/or procedures;

x) Negligently failed to treat the patient in a manner which is recognized as acceptable and appropriate by reasonably prudent similar health care providers.

11. As a direct and proximate result of the aforedescribed negligence of Sunghwan Byun, D.P.M. for which UNITED STATES OF AMERICA is vicariously liable, PHILLIP BURTON suffered bodily injury, and resulting pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of the capacity for the enjoyment of life, expenses of hospitalization, medical care and nursing care and treatment, rehabilitation, loss of earnings and loss of earning capacity.

WHEREFORE, the plaintiff, PHILLIP BURTON, demands judgment against the UNITED STATES OF AMERICA, for compensatory damages, together with costs and interest.

> KENNETH J. BUSH, P.A.
> Attorneys for the Plaintiff(s)
> The Biltmore Offices
> 1200 Anastasia Avenue, Suite 340
> Coral Gables, FL 33134
> Tel: (305) 443-3795
> Fax: (305) 443-3843
> bush@kjbushlaw.com
>
> BY _____
> KENNETH J. BUSH
> FLA BAR NO. 379352